IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JANNIE GARCIA VILLA,            )
                                )
            Plaintiff,          )
                                )
    v.                          )       1:13CV953
                                )
ALLY FINANCIAL, INC., et al.,   )
                                )
            Defendants.         )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses of Defendant Experian Information Solutions, LLC. (Docket Entry 17.) For the reasons that follow, the Court will grant the instant Motion in part (as to the third and fifth defenses, but with leave to amend the fifth defense) and will deny it in part (as to the first defense).[1]

### BACKGROUND

Plaintiff's Complaint asserts violations of the Fair Credit Reporting Act ("FCRA") by Defendants Experian and Ally. (Docket

---

[1] The undersigned United States Magistrate Judge will issue an Order because motions of this sort do not appear in the list of pretrial matters which require submission of a recommendation. See 28 U.S.C. § 636(b)(1)(A) and (B); see also Hargrove v. Ryla Teleservs., Inc., No. 2:11CV344, 2012 WL 463442, at *1 (E.D. Va. Feb. 13, 2012) (unpublished) (referring to motions to strike as "non-dispositive pre-trial matters"); Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *1 n.1 (S.D. Fla. Aug. 21, 2007) (unpublished) ("It is well settled that motions to amend or strike pleadings are non-dispositive motions that may be referred and ruled upon by a magistrate judge by order unless they have a dispositive effect.").

Entry 6 at 7-10.)  It alleges that in January or February 2013, Plaintiff discovered an error in her credit report, as prepared by Defendant Experian, concerning an automobile loan issued by Defendant Ally.  (Id. at 3-6.)  After both Defendants filed Answers (Docket Entries 9, 10), Plaintiff contacted Defendant Experian regarding several affirmative defenses contained within its Answer.  (Docket Entry 18 at 2; see also Docket Entry 21 at 2.)  Defendant Experian agreed to remove some of these affirmative defenses (Docket Entry 18 at 2; see also Docket Entry 21 at 2) and filed an Amended Answer (Docket Entry 12).

Plaintiff now moves to strike the following three affirmative defenses from Defendant Experian's Amended Answer:

> FIRST AFFIRMATIVE DEFENSE
> The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever from Experian.
>     . . . .
> THIRD AFFIRMATIVE DEFENSE
> The Complaint and each claim for relief therein is barred by laches.
>     . . . .
> FIFTH AFFIRMATIVE DEFENSE
> Experian is informed and believes and thereon alleges that some or all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

(Id. at 16; see also Docket Entry 17 at 12-16.)  Defendant Experian

responded in opposition. (Docket Entry 21.) Plaintiff did not reply. (See Docket Entries dated Jan. 2, 2014, to present.)

DISCUSSION

"Federal Rule of Civil Procedure 12(f) permits a district court, on motion of a party, to 'order stricken from any pleading any insufficient defense.'" Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Wright & Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)). Although "Rule 12(f) motions are generally viewed with disfavor . . . , a 'defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" Id. (quoting 5A Wright & Miller, supra, § 1380); see also Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). In addition, the moving party must show prejudice: for instance, where an "irrelevant affirmative defense . . . 'result[s] in increased time and expense of trial, including the possibility of extensive and burdensome discovery.'" Staton v. North State Acceptance, LLC, No. 1:13CV277, 2013 WL 3910153, at *2 (M.D.N.C. July 29, 2013) (unpublished) (quoting Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003)). Finally,

"[w]hen reviewing a motion to strike, a court must view the pleading under attack in a light most favorable to the pleader." Guessford v. Pennsylvania Nat'l Mut. Cas. Co., 918 F. Supp. 2d 453, 467 (M.D.N.C. 2013).

Plaintiff contends that this Court, in evaluating Defendant Experian's affirmative defenses, should apply the pleading standard articulated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2008). (Docket Entry 18 at 4-8.) In that regard, Plaintiff emphasizes that a majority of district courts within the Fourth Circuit (though not this Court) have applied Twombly and Iqbal to affirmative defenses. (Id. at 5-7 (citing cases).) Responding in opposition, Defendant Experian underscores that this Court (per United States District Judge James A. Beaty, Jr.) has previously declined to extend Twombly and Iqbal to affirmative defenses given the language of the Federal Rules of Civil Procedure and the existing state of the law in the Fourth Circuit. (Docket Entry 21 at 4 (citing Guessford, 918 F. Supp. 2d at 468).)

In this case, because Defendant Experian's third and fifth affirmative defenses do not survive the pleading standards imposed by Federal Rule of Civil Procedure 8 - and because its first affirmative defense does not constitute an affirmative defense at all - the Court need not resolve whether the Twombly/Iqbal standard applies to affirmative defenses. See Staton, 2013 WL 3910153, at

-4-

*2-3 (declining to consider applying Twombly and Iqbal to affirmative defenses and striking several such defenses under Rule 8). Under Rule 8, "[a]t a minimum, . . . a statement of an affirmative defense must give notice to an opponent of its basis and go beyond conclusions." Id. at *3. Moreover, to survive a motion to strike, a defendant must offer more than a "bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc., No. 04-60861-CIVMARTINEZ, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005) (unpublished). Thus, even without considering Twombly and Iqbal, "dismissal under Rule 12(f) is appropriate where the defendant has not articulated its defenses so that they are contextually comprehensible." Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC, 752 F. Supp. 2d 721, 726 (W.D. Va. 2010).

Defendant Experian's first affirmative defense asserts that Plaintiff's Complaint "fails to set forth facts sufficient to state a claim upon which relief may be granted against [Defendant] Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought . . . ." (Docket Entry 12 at 16.) Said defense appears to restate the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Although an answer may assert such a defense, see Fed. R. Civ. P.

12(h)(2)(A) (citing Fed. R. Civ. P. 7(a))), failure to state a claim does not constitute an affirmative defense, see Boldstar Technical, LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.").[2]

Some district courts have stricken such defenses under similar circumstances. See Odyssey Imaging, 752 F. Supp. 2d at 727 (striking purported affirmative defense that the "complaint fails to state a cause of action" because it is "not an affirmative defense[] at all"); Clark v. Milam, 152 F.R.D. 66, 73 (S.D. W. Va. 1993) (granting motion to strike as superfluous several "affirmative defenses [which] are in fact merely denials of Plaintiff's allegations"). Other district courts have concluded that, in the case of mere mislabeling of such a defense, "striking the defense at this juncture would serve no real purpose." U.S.

---

[2] Defendant Experian references the inclusion of failure to state a claim as a defense in Form 30 of the Federal Rules of Civil Procedure, "Answer Presenting Defenses Under Rule 12(b)." (See Docket Entry 21 at 7 (citing Fed. R. Civ. P. Form 30).) Despite Form 30's inclusion of this defense, it does not list failure to state a claim as an affirmative defense, as it does for a defense based on the statute of limitations. See Fed. R. Civ. P. Form 30; U.S. Commodities Futures Trading Comm'n v. U.S. Bank, N.A., No. 13CV2041-LRR, 2014 WL 294219, at *6 n.6 (N.D. Iowa Jan. 27, 2014) (unpublished) ("The court notes that although Form 30 allows a defendant to allege that a plaintiff failed to state a claim in an answer, it does not categorize failure to state a claim as an affirmative defense.").

Bank Nat'l Ass'n v. Education Loans, Inc., Civ. No. 11-1445 (RHK/JJG), 2011 WL 5520437, at *7 (D. Minn. Nov. 14, 2011) (unpublished); accord Haley Paint Co. v. E.I. Du Pont De Nemours & Co., 279 F.R.D. 331, 337 (D. Md. 2012). The Court agrees with this latter perspective. Accordingly, given that Defendant Experian properly could have included its purported first affirmative defense in its Answer under a different heading, the Court will simply construe the Answer as having done so. Moreover, the Court concludes that the failure of Defendant Experian to include any detail as to the basis for its defense of failure to state a claim causes Plaintiff no prejudice because the Court will take no action on the defense unless and until Defendant Experian makes a proper motion, see Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."), and Defendant Experian may raise that defense at any time up to trial, see Fed. R. Civ. P. 12(h)(2). The Court therefore declines to strike Defendant Experian's defense of failure to state a claim.

Defendant Experian's third affirmative defense contends that "[Plaintiff's] Complaint and each claim for relief therein is barred by laches." (Docket Entry 12 at 16.) Because Plaintiff's Complaint alleges a dispute arising out of events which occurred in early 2013 (see Docket Entry 6 at 3-6), simply asserting that the equitable doctrine of laches bars the Complaint does not connect the theory to the instant case and, thus, does not provide

Plaintiff with sufficient notice of the defense under Rule 8. "[E]ven before *Twombly* and *Iqbal*, the defenses of waiver, estoppel and laches were consistently struck when pled without reference to some facts." Topline Solutions, Inc. v. Sandley Sys., Inc., Civ. No. L-09-3102, 2010 WL 2998836, at *2 (D. Md. July 27, 2010) (unpublished); accord Palmer v. Oakland Farms, Inc., No. 5:10CV29, 2010 WL 2605179, at *6 (W.D. Va. June 24, 2010) (unpublished).

Moreover, because Plaintiff seeks no equitable relief in her Complaint (see Docket Entry 6 at 11-12), an equitable defense, such as laches, does not constitute a legally sufficient defense. See Staton, 2013 WL 3910153, at *4 (finding equitable defense legally insufficient in FCRA case where defendant cited no case law to support its validity and striking it with prejudice); Guessford, 918 F. Supp. 2d at 469 (striking equitable defense of unclean hands where Plaintiff sought no equitable relief). Furthermore, "when considering the timeliness of a cause of action brought pursuant to a statute for which Congress has provided a limitations period, a court should not apply laches to overrule the legislature's judgment as to the appropriate time limit to apply for actions brought under the statute." Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 798 (4th Cir. 2001); see also 15 U.S.C. § 1681p (providing for limitations period of two to five years for FCRA).

Defendant Experian requests leave to amend (see Docket Entry 21 at 10, 12) and, "when affirmative defenses are stricken, the

defendant should normally be granted leave to amend," Bradshaw v. Hilco Receivables, LLC, 725 F. Supp. 2d 532, 535 (D. Md. 2010). However, in this instance, the Court declines to grant such leave because, for the reasons stated above, laches would not constitute a valid defense in this case even if, as Defendant Experian alleges, Plaintiff "slept on her rights" (Docket Entry 21 at 8). Under these circumstances, the Court will strike (without leave to amend) Defendant Experian's third affirmative defense.

Defendant Experian's fifth affirmative defense asserts "that some or all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p." (Docket Entry 12 at 16.) The cited provision of the FCRA provides for a limitations period of two years following the discovery of a violation or five years from the date of the violation. 15 U.S.C. § 1681p. As discussed above, Plaintiff's Complaint apparently arises from events alleged to have occurred less than one year before she filed it. (Docket Entry 6 at 3-6.) Without some reference to the operative dates or indication of when Defendant Experian contends that Plaintiff's cause of action accrued, said defense lacks the requisite contextual coherence to give Plaintiff sufficient notice. Compare Rushing v. Time Warner, Inc., No. 3:05CV474-H, 2006 WL 517674, at *2 (W.D.N.C. Mar. 1, 2006) (unpublished) (granting motion to strike statute-of-limitations affirmative defense where parties agreed as

to which statute applied and defendant raised no dispute as to dates involved), with Sauber Painting & Decorating, Inc. v. International Union of Painters & Allied Trades Dist. Council No. 30, No. 04C170, 2004 WL 1244133, at *3 (N.D. Ill. June 3, 2004) (unpublished) (denying motion to strike statute-of-limitations defense because reference to relevant time periods and statutory support provided adequate notice to Plaintiff).

Defendant Experian's brief describes its position somewhat, alleging that Plaintiff's claim may arise from events which occurred "at least as early as 2010, and perhaps earlier." (See Docket Entry 21 at 9-12.) Nonetheless, Defendant Experian must set forth some details in its Answer as to its basis for asserting a statute of limitations defense. At a bare minimum, the Answer must state when Defendant Experian alleges that Plaintiff's cause of action accrued.[3] Under these circumstances, the Court will strike Defendant Experian's fifth affirmative defense without prejudice to the filing of an appropriate amendment.

As a final matter, with respect to Plaintiff's required showing of prejudice, her Motion contends "that continued litigation of these unsupported, insufficient, and otherwise improper affirmative defenses prejudices her by unduly increasing

---

[3] Form 30 of the Federal Rules of Civil Procedure encourages pleading an affirmative defense based on the statute of limitations as follows: "The plaintiff's claim is barred by the statute of limitations because it arose more than _____ years before this action was commenced." Fed. R. Civ. P. Form 30.

the time, expense, and complexity of the litigation of this matter, particularly in that it will require extended discovery . . . to adequately determine on exactly what basis Defendant [Experian] claims these defenses." (Docket Entry 18 at 16.) Specifically, Plaintiff asserts that she "will have to use up some of her limited discovery requests and time to figure out exactly what the factual bases are for these seemingly random defenses." (Id.) Defendant Experian responds that any "affirmative defenses that are not [later] supported by discovery can simply be ignored." (Docket Entry 21 at 13.) This Court (per United States District Judge Catherine C. Eagles) recently stated that "irrelevant affirmative defenses prejudice plaintiffs where they result in increased time and expense of trial, including the possibility of extensive and burdensome discovery." Staton, 2013 WL 3910153, at *2 (internal quotation marks omitted). Under these circumstances, the Court finds that Plaintiff would suffer sufficient prejudice as to the third and fifth defenses to warrant relief under Rule 12(f).

## CONCLUSION

Defendant Experians's asserted affirmative defenses of laches and statute of limitations do not meet the standard set by Rule 8.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (Docket Entry 17) is **GRANTED IN PART,** in that the Third and Fifth Defenses are **STRICKEN,** but without prejudice to Defendant Experian's filing of an amended answer specifically stating the basis for its Fifth Defense no later than March 14, 2014, and **DENIED IN PART,** in that the First Defense may stand, but without the prospect of court action absent the making of a proper motion.

                               /s/ L. Patrick Auld
                               **L. Patrick Auld**
                     **United States Magistrate Judge**

February 28, 2014